NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLINTONG CHAHUAYO-
ZEVALLOS; BRYANNA NICOLE
CHAHUAYO-CAMPOS; SAMIRA
EMILY CHAUAYO-CAMPOS;
RAFAELINA CAMPOS-LONDOR,

　　　　Petitioners,

　v.

PAMELA BONDI, Attorney General,

　　　　Respondent.

No. 24-2139

Agency Nos.
A240-935-468
A240-935-469
A240-935-470
A240-935-471

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
San Francisco, California

Before: OWENS and BUMATAY, Circuit Judges, and LIBURDI, District
Judge.[***]

　　　　Lead petitioner Willintong Chahuayo-Zevallos, his wife, Rafaelina Campos-

---

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

Londor, and his two minor children, Bryanna Nicole Chahuayo-Campos and Samira Emily Chahuayo-Campos—natives and citizens of Peru—petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence, and uphold the agency's determination unless the record compels a contrary conclusion. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. To qualify for asylum and withholding of removal, Chahuayo-Zevallos must establish persecution either "'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted) (asylum); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (withholding of removal). A government's inability to provide complete protection does not establish that it is unable or unwilling to control private actors, *see Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021), particularly when the police do not have specific names or any identifying information about the suspects, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Chahuayo-Zevallos contends that the government was unwilling to provide him with meaningful protection after he reported a racially motivated attack. He testified, however, that he was only able to provide police with a vague description of the attackers' physical appearance. Under these circumstances, the police's inability to identify or apprehend the suspects due to insufficient information does not establish that the Peruvian government was unable or unwilling to control Chahuayo-Zevallos's attackers. *See Nahrvani*, 399 F.3d at 1154 (holding that government was not "unwilling" to control attackers where, like here, petitioner did not "give the police the names of any suspects"). Thus, substantial evidence supports the BIA's conclusion that Chahuayo-Zevallos is not eligible for asylum or withholding of removal.

2. To be eligible for CAT protection, Chahuayo-Zevallos must establish, among other criteria, a clear probability of torture by or with the acquiescence of a Peruvian official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). But the police's inability to arrest a perpetrator because "they lacked sufficient information does not compel the conclusion that the police acquiesced in the attack." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Thus, substantial evidence also supports the BIA's conclusion that Chahuayo-Zevallos is ineligible for CAT protection.

3. Chahuayo-Zevallos's remaining arguments are waived because they were

either: (1) not raised before the BIA and thus not exhausted, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1); or (2) inadequately briefed and thus abandoned, *see Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

4.  The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.